```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE
```

Heifer Rengifo-Valencia,
    Petitioner

    v.                                  Case No. 23-cv-082-SM
                                          Opinion No. 2023 DNH 041

Warden, FCI Berlin,
    Respondent


## O R D E R

Heifer Rengifo-Valencia is a federal prisoner currently being held at the Federal Correctional Institution in Berlin, New Hampshire. He brings a petition pursuant to 28 U.S.C. § 2241 asking the court to direct the Bureau of Prisons ("BOP") to amend his release date to account for time credits he has earned under the First Step Act. Because that petition is premature, it is dismissed, albeit without prejudice.


### Discussion

There are two ways by which inmates serving federally-imposed sentences may reduce the amount of time they must serve in prison. Those serving a term of imprisonment greater than one year may earn "good time" credits for "exemplary compliance with institutional disciplinary regulations." 18 U.S.C.

§ 3624(b)(1).  Inmates may also earn "time credits" under the First Step Act for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A).  This case involves the latter.

Rengifo-Valencia is currently serving a 120-month term of imprisonment, to be followed by a five-year term of supervised release.  With the benefit of good time credits, his "Final Statutory Release Date" is June 21, 2025.  See Sentence Monitoring Computation Data (document no. 5-3) at 1.  He does not dispute that calculation.  He has earned 365 FSA time credits that may be applied toward early transfer to supervised release.  See FSA Time Credit Assessment as of March 25, 2023 (document no. 5-4) at 1.  See also 18 U.S.C.A. § 3624(g)(3) (providing that the BOP may apply no more than 12 months of earned FSA time credits to advance an inmate's date of release from prison to supervised release).  So, factoring in both his good time credits and his FSA time credits, Rengifo-Valencia's "Projected Release Date" is currently June 21, 2024 – that is, 365 days earlier than his "Final Statutory Release Date."

Rengifo-Valencia moves the court to direct the BOP to amend its records to change his "date of release" (presumably, his "Final Statutory Release Date") from June 21, 2025 to June 21,

2

2024, "by applying all earned FTC credits towards early release." Petition at 7. He mistakenly believes that the BOP is improperly denying him the benefit of earned FSA time credits due to the presence of an ICE detainer against him. Id. at 6. That does not appear to be the case.

As of March 25, 2023, Rengifo-Valencia was credited with a total of 735 FSA time credits: 365 FSA time credits that can (eventually) be used to secure his early release to supervised release and an additional 370 time credits that can (eventually) be used toward placement in prerelease custody or home confinement. But, prisoners can only apply FSA time credits toward prerelease custody or early transfer to supervised release once they have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). See also 28 C.F.R. § 523.44(b). In short, then, eligible inmates can accumulate FSA time credits throughout their incarceration, but they may only apply those accumulated time credits once they are sufficient in number to meet or exceed the time remaining on the inmate's imposed term of imprisonment.

Parenthetically, the court notes that there does not appear to be any similar restriction on the application of good time

3

credits. Consequently, while the BOP's calculation of petitioner's "final statutory release" date (June 21, 2025) does not include any earned FSA time credits, it does include petitioner's good time credit. Nevertheless, petitioner's earned FSA time credits are taken into account in the BOP's calculation of his "projected" release date (June 21, 2024).

While somewhat confusing and formalistic, perhaps, there is some logic to this system. After all, FSA time credits can be lost if, for example, the inmate violates prison rules. See 18 U.S.C. § 3632(e). See also 28 C.F.R. § 523.43. By waiting to apply earned FSA time credits until an inmate has accumulated a sufficient number to cover the remainder of his or her term of imprisonment, time credits "can immediately be applied and would no longer be subject to loss for future prohibited acts." Milchin v. Warden, No. 3:22-CV-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022). See also Adkins v. Engleman, No. CV 22-1988 JLS (MRW), 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022), report and recommendation adopted, No. CV 22-1988 JLS (MRW), 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022) ("Put another way, the statute requires the BOP to apply these credits when a prisoner has earned enough to lead to an immediate end of a custodial sentence.").

Here, Rengifo-Valencia filed his petition on February 2, 2023.  As of that date, he still had 870 days remaining until his statutory release date of June 21, 2025, with 735 FSA time credits (calculated as of March 25, 2023).  While his BOP records show that he remains eligible to earn FSA time credits, he has not yet acquired sufficient credits to be able to apply them toward prerelease custody or early transfer to supervised release.

## Conclusion

For the foregoing reasons, as well as those set forth in the government's memorandum, Rengifo-Valencia is not eligible for the relief he seeks.  His Petition for Relief under § 2241 seeking to amend the date of his statutory release date (**document no. 1**) is denied, albeit without prejudice to his ability to file a new petition if the BOP fails to properly apply earned FSA time credits to his sentence when those credits equal (or exceed) the time remaining on his sentence.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 20, 2023

cc:  Heifer Rengifo-Valencia, pro se
     Heather A. Cherniske, Esq.